IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

SHARIF HAMZAH,

                      Plaintiff,                  OPINION & ORDER

  v.

                                                                    13-cv-491-wmc

WOODMANS FOOD MARKET INC.,

                      Defendant.
───────────────────────────────────────────────────────────

     A hearing on all pending motions was held today in the above-captioned matter. Plaintiff appeared *pro se*; defendant Woodmans Food Market Inc. ("Woodman's") appeared by Emily Constantine. This opinion memorializes the rulings the court made from the bench.

                                          BACKGROUND

     In this case, *pro se* plaintiff Sharif Hamzah alleged that he was harassed on the basis of his age and ethnicity while working at Woodman's and that he was ultimately unlawfully terminated. The court initially denied Hamzah leave to proceed, because he focused primarily on allegations of discrimination based on sexual orientation, but offered him a chance to supplement his pleadings with respect to his age and ethnicity discrimination theories. (Mar. 24, 2014 Opinion & Order (dkt. #5).) After receiving Hamzah's supplement, the court granted him leave to proceed on the following claims: (1) hostile work environment and unlawful termination based on ethnicity, in violation of Title VII; (2) a hostile work environment claim under the ADEA; and (3) retaliation claims under both Title VII and the ADEA, premised on his allegations that he was terminated at least in

part for filing complaints opposing ethnicity- and age-based harassment. (Nov. 19, 2014 Opinion & Order (dkt. #9).) Currently, there are three motions pending, which the court took up in turn at today's hearing.

OPINION

I.       Motion for Reconsideration (dkt. #16)

Hamzah first seeks reconsideration of the court's decision not to seek volunteer counsel on his behalf. Initially, the court denied the motion for "appointment of counsel" without prejudice in conjunction with the first screening order, mainly because Hamzah had not yet been granted leave to proceed on any claims. (Mar. 24, 2014 Opinion & Order (dkt. #5) 9-11.)

Hamzah has now renewed his motion, listing seven firms he contacted seeking representation and their responses (some declined to assist him, others referred him elsewhere, at least one did not respond). (Mot. Reconsideration (dkt. #16) ¶ 2.) Thus, he has now met the threshold requirement to show that his efforts to obtain counsel were unsuccessful. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The problem remains, however, that he still has not shown this case is beyond his ability to litigate.

The key question is whether the case is too difficult, factually or legally, for the particular, *pro se* plaintiff to litigate it on his own. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Hamzah asserts that he needs counsel because he lacks training in the law and court protocol, but this is true of nearly all *pro se* litigants. As the Seventh Circuit has recognized, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v.*

2

*Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Hamzah's lack of legal training will certainly make his task more difficult than it might be if he were represented, but that alone does not make this case *too* difficult for him to present it coherently to the court or a jury.

Hamzah also makes a conclusory statement that gathering evidence and presenting it would be "insurmountable," but he does not explain why this is so. He has not suggested, for example, that he has personal characteristics impeding his ability to litigate this matter, or that he will be hindered in some way in his attempts to acquire evidence and participate in discovery. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (district court abused its discretion in refusing to recruit counsel for inmate who was blind and had only a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (district court abused its discretion in refusing to recruit counsel for functionally illiterate inmate with low IQ and fifth-grade education); *Santiago v. Walls*, 599 F.3d 749, 762-63 (7th Cir. 2010) (district court abused its discretion in refusing to recruit counsel where inmate had been transferred to another facility and thus lacked "ready access to any of the witnesses, documents or defendants"). Nor does his case appear particularly complex, at least not as alleged.

At least at this early stage of proceedings, it does not appear that this case exceeds Hamzah's ability to present it coherently to the court. As discussed at the hearing, however, should any of Hamzah's claims survive summary judgment, the court would reconsider his request to recruit counsel.

II.   Motion to Compel (dkt. #20)

Next, the court turns to defendant's motion to compel, which Woodman's represents it filed after its counsel sent two letters and reached out to Hamzah via telephone to meet and confer. All of these efforts proved unsuccessful. Woodman's served a number of discovery requests on Hamzah on March 25, 2015, with a due date of April 28, 2015. (Dkt. #21-2.) On April 17, Hamzah filed a copy of a letter he sent to Woodman's counsel with the court. (Dkt. #19.) That letter reads in part:

> I have received your [letter] with interrogatories for answers in the above action before the US District court for the Western District of Wisconsin. However, I will not be answering any interrogatories regarding this matter, at this time. My reasons for not answering are as follows:
>
> 1. Currently, there is a motion before the Honorable Judge William M. Conley for reconsideration of appointment of counsel, on behalf of the petitioner. Until the Judge rules, I am in no position to attempt answering any questions without legal oversight.
>
> 2. I am still actively seeking legal representation, with the hope of gaining it, while ample time for discovery exist[s].

(Letter (dkt. #19).) He concluded the letter by stating, "Finally, if I am compelled by rule or law to answer your interrogatories at this time, feel free to express that in your reply and I will comply to the best of my ability." (*Id*.)

On April 23, counsel for Woodman's sent Hamzah a letter indicating he *was* required to respond to discovery regardless of whether he was successful in obtaining counsel. (*See* dkt. #21-4.) Woodman's asked that Hamzah contact its counsel before April 28, if he was unable to meet that deadline.

On April 30, two days after Hamzah's responses to written discovery were due, Woodman's reached out to Hamzah again and asked him to respond to its discovery.

4

Specifically, counsel called Hamzah, who answered the phone and acknowledged receipt of the discovery requests and the April 23 letter. According to Woodman's counsel, Hamzah then stated he was not planning to respond and Woodman's should "do what it had to do." (Decl. of Sarah E. Thomas Pagels (dkt. #21) ¶ 11.) Woodman's then sent a letter confirming the conversation. (*See* dkt. #21-5.)

On May 11, Woodman's filed the current motion to compel. Hamzah was given a response date of May 21, but failed to file anything in opposition. Woodman's then filed a letter in reply asking that the court: (1) grant the motion to compel; (2) award it its costs and fees associated with the motion; (3) consider dismissing the case as a sanction for failure to comply with discovery and want of prosecution; and (4) in the alternative, enter an order extending the dispositive motion deadline and providing Hamzah a short window for full discovery compliance. (Dkt. #25.) Importantly, dispositive motions are due July 27, 2015.

Hamzah's violation is relatively clear-cut, particularly in light of the April 17 letter he himself filed with the court indicating he did not plan to respond to discovery requests *and* his failure to file any opposition to defendant's motion to compel. Despite these flagrant violations, the court is disinclined to dismiss this case as a sanction, at least at this point, but *is* inclined to grant the motion to compel, giving Hamzah seven (7) days to provide written responses to the outstanding discovery requests. Specifically, by **Wednesday, June 24, 2015,** Hamzah must provide the court and defense counsel with complete written responses both to the interrogatories and to the requests for document production. By **Friday, June 26, 2015,** Hamzah must produce any documents not already produced in previous proceedings to the clerk's office at this court, as discussed at the hearing. The

5

court also granted defendant's request for relief from the dispositive motion deadline: dispositive motions will now be due **August 3, 2015**. Finally, in order to keep discovery on track, the court ordered Hamzah to appear for deposition at counsel's Madison office on **Monday, July 13, 2015, at 9:00 a.m.** Counsel for defendant is to follow up with a formal notice of deposition to Hamzah.

In granting a motion to compel, the court ordinarily "must" require Hamzah to pay defendant's reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), unless the non-disclosure was "substantially justified," Fed. R. Civ. P. 37(a)(5)(A)(ii), or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(iii). Although a close question, given Hamzah's clear violations and wholesale refusal to participate in discovery, the court concluded that Hamzah's circumstances make an award of costs unjust. The court again cautions Hamzah, however, that future failures to meet his obligations in this matter may well lead the court to award expenses to Woodman's.

**III.      Motion for Extension of Time to Declare Expert Witnesses (dkt. #26)**

Finally, Hamzah has asked the court to extend the June 12, 2015, deadline to identify expert witnesses, again based on his desire to find representation before he proceeds to litigate this case. Defendant opposes the motion, contending that Hamzah has not shown good cause to modify the scheduling order and that he has not been diligent in seeking an expert.

At the hearing, Hamzah represented he wishes to obtain an expert in matters of discrimination to testify on his behalf. As the court explained, however, an expert witness would not be permitted to testify that Woodman's engaged in discrimination. The facts are

the province of the jury, and the court will interpret the law in this matter. Accordingly, there is no good cause to extend the deadline for experts at this time.[1]

ORDER

IT IS ORDERED that:

1. Plaintiff Sharif Hamzah's motion for reconsideration (dkt. #16) is DENIED.

2. Defendant Woodmans Food Market's motion to compel (dkt. #20) is GRANTED as follows:

    (a) by **Wednesday, June 24, 2015**, Hamzah must provide the court and defense counsel with complete written responses both to the interrogatories and to the requests for document production;

    (b) by **Friday, June 26, 2015**, Hamzah must produce any documents not already produced in previous proceedings to the clerk's office at this court;

    (c) Hamzah shall appear for deposition at Whyte Hirshboeck Dudek's Madison office on **Monday, July 13, 2015, at 9:00 a.m**; and

    (d) dispositive motions are due on or before **August 3, 2015**.

3. Plaintiff's motion for extension of time to declare expert witnesses (dkt. #26) is DENIED.

Entered this 17th day of June, 2015.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court noted that it *may* entertain a motion to locate an expert regarding damages should Hamzah's claims proceed past summary judgment.