IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIF HAMZAH,

                          Plaintiff,                      OPINION AND ORDER

v.

                                                   13-cv-491-wmc

WOODMAN'S FOOD MARKET, INC.,

                          Defendant.

---

      Following entry of summary judgment, plaintiff Sharif Hamzah once again seeks to revive his breach of contract claim against defendant Woodman's Food Market, Inc. ("Woodman's"), with a motion for reconsideration of the court's earlier order denying him leave to amend. (Dkt. #81.) As explained in the court's previous order addressing plaintiff's breach of contract claim, a party seeking to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must "present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff argues he is entitled to relief under the former route, asserting that "[n]ew evidence discovered during the depositions of Martinson and Bemis permit a jury to reasonably conclude, using the newly discovered Woodman's definition of what constitutes disobeying a supervisor's order, that Martinson decided to discharge Hamzah because he inferred, without any supporting evidence, that Hamzah disobeyed [supervisor Jacob] Bemis' order." (Pl.'s Opening Br. (dkt. #87) at 5.)

      This supposed new evidence is now offered to overcome the court's finding that Hamzah was fired for committing a Group I violation for insubordination, which the

court already addressed in detail in its earlier opinions in this case. Specifically, Hamzah asserts he was until recently unaware that Woodman's does not consider an employee to be insubordinate if he responds "no" to a supervisor's command to do something yet "then [goes] on [to] comply with the supervisor's order through his actions." (*Id.* at 8.) This newfound knowledge is apparently the product of the following exchange at the deposition of Dale Martinson, the individual who made the ultimate decision to fire Hamzah:

> Q: What if the employee actually did the job after that, told a supervisor no, just because he wanted to -- he wanted to resist, and then he actually followed the order?
> A: That's insubordination to the supervisor.
> Q: Even if he actually followed the order?
> A: The order was not to do a job.
> Q: Right. And if --
> A: Pulling the carts off the wall. If he continued to do it, in my book, that's insubordination.
> Q: What if he said "no" and then stopped?
> A: If he said "no" and he stopped doing it?
> Q: Right.
> A: Then he's fine.
> Q: So that's not insubordination?
> A: No.
> Q: So just the fact of saying "no" is not insubordination?
> A: And he continued to do it.

(Dep. of Dale Martinson (dkt. #84) at 62:19-63:12.) In large part, because Bemis's contemporaneous, written statement regarding the incident does not explicitly state that Hamzah continued to refuse Bemis's orders (after responding that he would not follow them), plaintiff thus would like to argue for the first time that Woodman's breached an "implied cause standard required by the Employee Handbook." (Pl.'s Opening Br. (dkt. #87) at 11.)

2

This asserted "new evidence" is simply not enough to justify reconsideration of the court's previous opinion and order denying him leave to amend the complaint for several reasons. First, the court is unable to credit the somewhat confusing exchange between plaintiff's counsel and Martinson at his deposition as a statement of official Woodman's policy regarding the standard for insubordination qualifying as a Group I violation. Second, even if Martinson's off-the-cuff response to a hypothetical at his deposition somehow reflects official Woodman's policy regarding insubordination, plaintiff falls far short of meeting his burden to show that the employee handbook established an "implied cause standard" sufficient to defeat the presumption under Wisconsin law that his employment was "at will." Third, as defendant points out, the handbook contains a specific, express reservation of right, which grants Woodman's the discretion to discharge "in cases where the supervisor feels it is in the best interest of the company," a provision which plaintiff ignores entirely.

Even if plaintiff could establish that Woodman's adheres to this narrow standard of insubordination, *and* that this somehow converted Hamzah to "for cause" employment status, the evidence plaintiff cites in his motion for reconsideration is inadequate for a jury to find that Martinson lacked cause to terminate Hamzah for insubordination, since plaintiff identifies nothing in the record to render reasonable an inference that Hamzah did eventually obey Bemis's commands after orally responding that he would not do so, nor even more to the point, evidence that Martinson did not infer the opposite in good faith.

Accordingly,

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration (dkt. #81) is DENIED.

Entered this 28th day of July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge